UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:<br>   ANTONIO WOODS and<br>   CHALANDA WOODS,<br><br>       Debtors. | )<br>)<br>) Case No. 18-71295<br>)<br>) Chapter 13 |

## TRUSTEE'S OBJECTION TO THE MOTION TO MODIFY PLAN – HARDSHIP DISCHARGE

NOW COMES Marsha L. Combs-Skinner, Chapter 13 Standing Trustee, by her attorney, Ken Siomos, and for her Objection to the Motion to Modify Plan – Hardship Discharge states as follows:

1. The Motion conflates distinct and mutually exclusive forms of bankruptcy relief – though a Plan perhaps theoretically could be modified to reduce the dividend to unsecured creditors to the amount paid to date under 11 U.S.C. 1329(a)(1) and the time to pay that dividend to the time already spent in the Plan under 1329(a)(2), the existence of 1328(b), allowing an immediate, lesser discharge for those who have not completed payments under the Plan suggests that modification to immediately end the Plan, and receive the broader discharge, is not appropriate or permitted.

2. A hardship discharge is not a plan modification – to grant a hardship discharge, modification must be "not practicable."

3. The Motion states it is filed under 11 U.S.C. 1329, which is Plan modification.

4. August 2023 is month 60 of the Plan.

5. The Motion asks at paragraph 6 that they receive a hardship discharge, which needs to

be filed under 11 U.S.C. 1328(b).

6. The prayer asks for a Plan modification to reduce payments to the amount already paid and appears to request an ordinary completion of payments discharge.

7. The Motion uses figures that were accurate in June 2023; but the Trustee received funds in July before the Motion was filed.

8. Unlike a Motion to Modify, a Motion for Hardship Discharge is not effective upon filing; if granted, any funds received before the granting of the motion should still be distributed to unsecured creditors.

9. The Trustee does not intend to object to the entry of a hardship discharge at the hearing to be held on September 7, 2023, but does object to the motion to the extent it seeks modification of the Plan.

WHEREFORE, Marsha L. Combs-Skinner, the Chapter 13 Standing Trustee prays that the Court consider the above with respect to the Motion to Modify Plan – Hardship Discharge.

Respectfully Submitted by

Marsha L. Combs-Skinner,
Chapter 13 Standing Trustee


By: /s/ Ken Siomos
   Staff Attorney
Marsha L. Combs-Skinner
Chapter 13 Standing Trustee
Central District of Illinois
108 S. Broadway, P.O. Box 349
Newman, IL 61942
Telephone: 217-837-9730
E-Mail: Ken@ch13cdil.com

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was served upon, John L. Greenleaf, Jr., Attorney for the Debtors, and the United States Trustee, by electronic notification through ECF on August 2, 2023, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM-ECF participants:

Antonio Woods
Chalanda Woods
1319 W. Marietta
Decatur, Il 62522

      /s/ Ken Siomos
      Staff Attorney